IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KEVIN HAMILTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  CIVIL NO. 09-cv-359-JPG |
| | ) |
| DEBBIE ISAAC, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Kevin Hamilton, formerly an inmate in the Big Muddy Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. He seeks leave to proceed *in forma pauperis*, and the Court finds that he is, in fact, indigent. Therefore, the motion (Doc. 2) is **GRANTED**.[1]

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

---

[1] At the time he filed this action, Hamilton had already been released on parole. Thus, the Court is unable to assess and collect the filing fee under the statutory formula. *See* 28 U.S.C. § 1915(b).

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

**FACTS ALLEGED**

Hamilton states that on August 17, 2008, he sought medical treatment for pain in his shoulder. He first met with an unidentifed nurse, who referred him to the doctor for further examination. A week later, on August 26, Hamilton was examined by a physician's assistant ("PA"), not the doctor, who determined that he might have an injury to his rotator cuff. This unidentified PA ordered that x-rays be scheduled, prescribed pain medication, and issued an ice pack to Hamilton, but Hamilton states that he did not receive the pain medication. On September 9, Hamilton again saw the same PA. The ordered x-rays had not yet been taken, and the PA once again prescribed pain medication before referring him to the doctor.

On September 24, Hamilton was examined by the doctor, Defendant John Shepard. Shepard ordered an MRI for the shoulder, prescribed more pain medication, and also prescribed medication to treat Hamilton's elevated blood pressure. When he heard nothing further about the MRI, Hamilton sent a request slip to Defendant Debbie Isaac, the health care administrator, wondering about the status of that exam. Isaac told him that he was scheduled for a consultation with an orthopedist, based on orders written by Shepard on October 9.[2] Approval for that consultation was

---

[2] Hamilton disputes this date because his medical records show that Shepard's referral was not written until October 14.

given on November 9, and Hamilton was examined by an outside orthopedist on November 14. On January 12, 2009, Hamilton had surgery to treat his injury.

Out of these facts, Hamilton presents four separate claims, once against each of the four named defendants. Two claims are directed at the medical personnel directly responsible for his medical care, and two claims are directed at administrators.

### MEDICAL TREATMENT

Count 1 of the complaint is made against Isaac, and Count 2 is against Shepard. Hamilton asserts that each of them acted, or failed to act, in the timely provision of medical treatment, in violation of his constitutional rights. The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994). The Seventh Circuit has expounded upon these principles:

> A deliberate indifference claim requires both an objectively serious risk of harm and a subjectively culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). A deliberate indifference claim premised upon inadequate medical treatment requires, to satisfy the objective element, a medical condition "that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Greeno*, 414 F.3d at 653. The subjective component of a deliberate indifference claim requires that the prison official knew of "a substantial risk of harm to the inmate and disregarded the risk." *Id.*; *Farmer*, 511 U.S. at 834. Mere medical malpractice or a disagreement with a doctor's medical judgment is not deliberate indifference. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976); *Greeno*, 414 F.3d at 653; *Estate of Cole by Pardue v. Fromm*, 94 F.3d 254, 261 (7th Cir. 1996). Still, a plaintiff's receipt of some medical care does not automatically defeat a claim of deliberate indifference if a fact finder could infer the treatment was "so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate" a medical condition. *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996) (citation omitted).

*Edwards v. Snyder*, 478 F.3d 827, 830-31 (7th Cir. 2007).

For purposes of this discussion, the Court will assume that Hamilton's shoulder injury constitutes a serious medical need, thus satisfying the objective component. However, his allegations against Isaac and Shepard do not state, or even suggest, that either one acted with the requisite mental intent of deliberate indifference. To the contrary. Shepard prescribed pain medication for the shoulder and for his blood pressure, then ordered an MRI and consultation with an outside specialist; Isaac responded to his memo seeking information about his scheduled treatment. In this case, Hamilton is upset primarily due to the length of time it took for the outside referral to be written and approved, as well as the fact that he did not have surgery until five months after his initial examination in August. Such a "delay" hardly constitutes deliberate indifference, given the limited resources of the I.D.O.C., especially for a medical condition that clearly is not life-threatening.

Thus, Hamilton has failed to state a claim upon which relief may be granted as to Isaac or Shepard, and his claims against them are dismissed from this action with prejudice.

### GRIEVANCES

Hamilton states that he filed grievances about his medical care with the warden, Defendant John Evans (Count 3), and he also wrote directly to Defendant Walker, director of the I.D.O.C. (Count 4). He alleges that neither man took any affirmative action to expedite his medical treatment, thus violating his constitutional rights.

Like many other inmates, Hamilton argues that these officials, once advised of his problems, had a duty to fix those problems. That theory is in direct conflict with the well-established rule that "public employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). *See also Monell v. Department of Social Services*, 436

U.S. 658 (1978); *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (doctrine of respondeat superior does not apply to § 1983 actions).  As Chief Judge Easterbrook recently stated,

> Public officials do not have a free-floating obligation to put things to rights, disregarding rules (such as time limits) along the way. Bureaucracies divide tasks; no prisoner is entitled to insist that one employee do another's job.  The division of labor is important not only to bureaucratic organization but also to efficient performance of tasks; people who stay within their roles can get more work done, more effectively, and cannot be hit with damages under § 1983 for not being ombudsmen.  Burks's view that everyone who knows about a prisoner's problem must pay damages implies that he could write letters to the Governor of Wisconsin and 999 other public officials, demand that every one of those 1,000 officials drop everything he or she is doing in order to investigate a single prisoner's claims, and then collect damages from all 1,000 recipients if the letter-writing campaign does not lead to better medical care.  That can't be right.  The Governor, and for that matter the Superintendent of Prisons and the Warden of each prison, is entitled to relegate to the prison's medical staff the provision of good medical care.  *See Durmer v. O'Carroll*, 991 F.2d 64 (3d Cir. 1993).

*Burks*, 555 F.3d at 595.

Under these standards, neither Evans or Walker is liable to Hamilton for the relatively short delay in providing him with surgery for his shoulder injury.  Accordingly, his claims against these men are dismissed from this action with prejudice.

### DISPOSITION

In summary, the complaint does not survive review under § 1915A.  Accordingly, this action is **DISMISSED** with prejudice.  Hamilton is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**Dated: December 11, 2009.**

                                        **s/ J. Phil Gilbert**
                                        **U. S. District Judge**